

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00353-CV

## IN THE INTEREST OF W.B. AND O.C.B., CHILDREN

**From the County Court at Law
Bosque County, Texas
Trial Court No. CV13164**

## ABATEMENT ORDER

The reporter's record in this appeal was due on February 9, 2015. The court reporter in this case (Sarah Mae Blackburn) has notified the Court by letter that the disk she used on the first day of trial was defective and did not record any of her notes and that a retrieval business could not retrieve anything from the disk. She also notes that the audiotape for the first day of trial contained too many "inaudibles" for her to prepare a fair and accurate reporter's record. A different disk was used for the second day of this two-day trial, and the reporter's record for that day has been prepared.

Rule of Appellate Procedure 34.6(f) provides:

(f) Reporter's Record Lost or Destroyed. An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f).

We abate the appeal for the trial court to hold a hearing, after notice, to determine if the circumstances of Rule 34.6(f) exist in this case; *i.e.,* to determine:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Appellate counsel for all parties and the court reporter shall be provided notice of the hearing, and the Court directs the court reporter to appear at the hearing to provide testimony relevant to the above matters. Appellate counsel for the parties shall determine if any other witnesses are necessary to provide testimony relevant to the above matters and shall secure their attendance, if necessary, at the hearing.

The hearing shall be held within twenty-one (21) days after the date of this order. The hearing shall be attended by a certified court reporter (other than Ms. Blackburn) who shall prepare a transcription of the hearing and shall file that transcription as a supplemental reporter's record in this appeal.

The trial court shall prepare and issue written findings of fact and conclusions of law with regard to the issues identified in this abatement order within seven (7) days after the date of the hearing. The district clerk shall prepare a supplemental clerk's record containing such findings of fact and conclusions of law as well as any pleadings, motions, responses, or objections filed with regard to this matter and any orders signed by the trial court.

The district clerk and the court reporter shall file their supplemental records with the Clerk of this Court within fourteen (14) days after the date of the hearing. If the trial court determines that additional time is required to resolve the issues identified, the trial court (or a party at the trial court's direction) shall file a written request for additional time explaining the reason(s) and the diligence that has been exercised in attempting to comply with the deadlines established by this order.

PER CURIAM

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Appeal abated
Order issued and filed February 26, 2015
Do not publish

